**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yazan Cotton, | No. CV-25-04045-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Transdev Services, | |
| Defendant. | |

Plaintiff Yazan Cotton filed a complaint and an application to proceed in forma pauperis. (Doc. 1, 2.) Cotton's application is granted but the complaint is dismissed with leave to amend.

Granting an application to proceed in forma pauperis allows to the court to review the complaint and determine if it states any claim for relief. 28 U.S.C. § 1915(e)(1). To state a claim for relief the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

1    Cotton's complaint contains very few factual allegations but seems to be attempting
2  to allege claims for "racial & sexual discrimination." (Doc. 1 at 3.) The sexual
3  discrimination claim is based on Cotton being "the only person who started a new training
4  with [the floor supervisor] and instead of training most of her discussion was personal."
5  (Doc. 1 at 4.) While not clear, Cotton's racial discrimination claim appears to be based on
6  the allegation that Cotton was "lied on by Hispanic co-worker Carlos without question."
7  (Doc. 1 at 4.) Possibly connected to these events, Cotton "was terminated under false
8  claims & HR retaliation." (Doc. 1 at 5.) There are no additional factual allegations
9  elaborating on these claims.

10    Cotton's employment-discrimination claims require allegations identifying how he
11  was treated differently *because of* a protected characteristic such as his race or sex. *See*
12  *Maner v. Dignity Health*, 9 F.4th 1114, 1120 (9th Cir. 2021) ("Title VII prohibits
13  discrimination against an individual in whole or in part because of that individual's
14  protected characteristic.") (simplified). Employment discrimination laws do not establish
15  "a general civility code, and employment practices are not unlawful simply because they
16  are unwise." *Id.* at 1127 (simplified).

17    To state a plausible sexual discrimination claim, Cotton would need to provide
18  allegations identifying his sex, the adverse action Cotton suffered, and why Cotton believes
19  that action was because of his sex. Assuming Cotton is trying to base this claim on the
20  actions by the floor supervisor, he would need to explain what that floor supervisor did that
21  affected his employment and why he believes the actions were because of Cotton's sex.
22  For his race discrimination claim, Cotton would need to provide allegations identifying his
23  race, the adverse action taken against him, and why Cotton believes that action was because
24  of his race. Alleging a "Hispanic co-worker" lied about Cotton is not sufficient. The
25  complaint is dismissed with leave to amend.
26  /
27  /
28  /

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**. No later than **November 13, 2025**, plaintiff shall file an amended complaint. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no amended complaint is filed by that date.

Dated this 31st day of October, 2025.

*Krissa M. Lanham*
Honorable Krissa M. Lanham
United States District Judge